

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2006

# USA v. Burke

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5277

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Burke" (2006). *2006 Decisions*. Paper 636.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/636

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-249                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5277

UNITED STATES OF AMERICA

v.

ROBERT B. BURKE

Robert Burke,
                                        Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 96-cv-3249)
(Related to Cr. No. 92-cr-00268-01)
District Judge: Honorable William H. Yohn, Jr.
_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 15, 2006

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges.

(Filed: August 1, 2006)

_____

OPINION OF THE COURT
_____

PER CURIAM

    Appellant Robert Burke appeals from a District Court order denying his

independent action alleging fraud upon the court pursuant to Hazel-Atlas Glass Co. v.

Hartford Empire Co., 322 U.S. 238 (1944). Because the appeal presents no substantial question, we will summarily affirm. See L.A.R. 27.4.

Because the parties are familiar with the facts, we will only briefly recite them here. In 1993, a federal jury found Burke guilty of, inter alia, the murder of Donna Willard, a federal witness. The District Court sentenced him to life in prison. We affirmed his conviction and sentence. In 1996, Burke filed a motion under 28 U.S.C. § 2255, which was denied. Burke filed a second action in 1999, arguing that the prosecution committed fraud on the court. The District Court construed the filing as a second motion under § 2255. Even though the District Court dismissed the action under § 2255, it assumed arguendo that the motion would not require this Court's authorization, and found that Burke failed to show that the prosecution committed fraud on the court.

In 2005, Burke filed the current Hazel-Atlas action alleging that the prosecution knew or should have known that witnesses, James David Louie and James Gray, presented false testimony at trial. He supported his assertion by presenting "new evidence" in the form of affidavits from several individuals who were either involved in the murder or were acquainted with Louie or Gray. The District Court concluded that the Hazel-Atlas action did not fall under § 2255. However, it denied the motion, concluding that Burke's evidence was not sufficiently convincing to establish that the prosecution committed fraud upon the court. Burke filed a notice of appeal.

We have not before stated that a fraud upon the court claim under Hazel-Atlas is a

2

basis to avoid the various gate keeping requirements provided by § 2255. See generally Calderon v. Thompson, 523 U.S. 538, 557 (1998) (stating that Hazel-Atlas claims strongly reduce the interest in finality of a judgment procured by fraud and implying that habeas restrictions might not apply). However, we do not need to decide this issue here because even assuming that a fraud upon the court claim is an independent action, Burke fails to show he is entitled to relief.

"[A]n independent action alleging fraud upon the court is completely distinct from a motion under [Federal Rule of Civil Procedure] 60(b)," and may be raised at any time. Herring v. United States, 424 F.3d 384, 389 (3d Cir. 2005). In Herring, we explained that in order to receive the extraordinarily rare relief that Hazel-Atlas provides, there must be "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Id. at 386-87. We further held that these elements must be supported by "clear, unequivocal and convincing evidence." Id. (citations omitted).

The District Court properly found that Burke's Hazel-Atlas action is not the fundamental equivalent of a § 2255 motion. It also correctly concluded that Burke failed to establish by clear and convincing evidence that the prosecution intentionally misled the court. None of the four new affidavits charges that a prosecuting official had actual knowledge of the falsity of either Louie's or Gray's testimony. In fact, only Walter Kates states that the "feds" and the "Government" told Louie to testify against Burke.

3

However, this is not sufficient to implicate the prosecuting officials specifically. Even if Burke's evidence is sufficient to establish that Louie and Gray lied on the stand, it does not establish that the prosecution intentionally permitted or condoned it. Accordingly, there exists no substantial question, and we will affirm the order of the District Court.[1]

---

[1] It is unclear whether a certificate of appealability is required for this appeal. To the extent that it is, the appellant's request for one is denied. To the extent it is not, the request is denied as unnecessary.