

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2009

# USA v. Robert Burke

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Robert Burke" (2009). *2009 Decisions.* Paper 1574.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1574

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-127                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2472
_____

UNITED STATES OF AMERICA

v.

ROBERT BURKE,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 92-cr-00268)
District Judge:  Honorable William H. Yohn, Jr.

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 12, 2009

Before:  RENDELL, HARDIMAN and STAPLETON, <u>Circuit Judges</u>

(Filed: April 7, 2009 )
_____

OPINION OF THE COURT
_____

PER CURIAM

    Appellant Robert Burke appeals from the District Court's order denying his

"independent action for relief from order denying section 2255 motion" pursuant to

<u>Hazel-Atlas Glass Co. v. Hartford-Empire Co.</u>, 322 U.S. 238 (1944).  For the reasons that

follow, we will affirm.

This is the second time that Burke has sought to escape AEDPA's gatekeeping provisions by proceeding under Hazel-Atlas. Regardless, because he has not made out a viable claim of fraud, we need not decide whether such an application is a legitimate means of repeatedly attacking a criminal conviction or collateral attack proceedings. And while the District Court properly identified Burke's attempt to present two separate claims of fraud, one based on Hazel-Atlas and the other purportedly based on Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128 (9th Cir. 1995), we restrict our analysis to Burke's claim based on the former to avoid duplicity, as Pumphrey's relationship to Hazel-Atlas is indeed progenial.

Relief pursuant to Hazel-Atlas is extraordinarily rare, and a movant must establish "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005). These four elements must be supported by "clear, unequivocal and convincing evidence." Id. at 387 (citations omitted). In addition, "perjury by a witness is not enough to constitute fraud upon the court." Id. at 390.

Simply put, the evidence Burke presents in the instant Hazel-Atlas action is merely an attempt to assuage the flaws we found in his previous Hazel-Atlas action ("Burke I"), and is dubious at best. Specifically, we said in Burke I that while "Walter Kates states that the 'feds' and the 'government' told [James David Louie] to testify against Burke . . .

2

this is not sufficient to implicate the prosecuting officials specifically." United States v. Burke, 193 F. App'x 143, 144 (3d Cir. 2006). Walter Kates now claims he remembers the names of the federal agents, explaining that he "may have overlooked, or forgot to mention [them] in [his] previous affidavit." (Dist. Ct. dkt #197, Ex. A.)

Next, Burke seeks to rebut our conclusion in Burke I that even if the government's witnesses had lied on the stand, his proffered evidence "[did] not establish that the prosecution intentionally permitted or condoned [the lying]." Burke, 193 F. App'x at 144. To do this, he produces a new affidavit from Nick Vasiliades, who alleges that one of the witnesses, James Gray, told him in prison that the government knew of and condoned Gray's intent to lie on the stand in order to convict Burke. And in reference to why he failed to provide this double hearsay in his original affidavit, Vasiliades states that he "did not think these facts were needed." (Dist. Ct. dkt. #197, Ex. B.)

Even presuming the veracity of Burke's affiants, he nonetheless has failed to present "clear, unequivocal and convincing evidence" of an intentional fraud on the court by the federal prosecutors in Burke's criminal case for substantially the reasons of the District Court.

There being no substantial question presented by Burke's appeal, we will summarily affirm the District Court's order dismissing the case. See LAR 27.4; I.O.P. 10.6.

3